# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REGINA FAYE BROOKS,**

       **Petitioner,**

  **v.**

                            **CIVIL ACTION NO.  2:03CV103**
                            **CRIMINAL ACTION NO.  2:01CR16-4**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On November 25, 2003, the petitioner, Regina Faye Brooks [Brooks"], filed a *pro se* Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

On January 22, 2002, Brooks appeared before the Court and pled guilty to distribution of crack cocaine (Count 5).   On October 10, 2002, the Court sentenced Brooks to 70 months imprisonment.  Brooks did not appeal her sentence.  She is currently incarcerated at the federal prison camp in Alderson, West Virginia.

On August 7, 2003, Brooks filed a Motion for the Court to Depart from Sentencing Guidelines.   In her motion, Brooks requested that the Court reduce her sentence under U.S.S.G. §3B1.2 for her role in the offense.  The Clerk's Office filed the motion as a §2255 motion.  By Order entered on November 17, 2003, the Court adopted the undersigned's October 3, 2003, Report and Recommendation that the motion not be converted to a §2255 motion and that the motion be denied.

Subsequently, Brooks filed the instant §2255 motion in which she raises the following grounds:

(1)     Her attorney failed to offer evidence of a mitigating role adjustment.

(2)     Her attorney failed to file any motions on her behalf before or after sentencing.

(3)     Her attorney coerced her to sign the plea agreement by stating that the Government would not offer the plea again and would use relevant conduct to increase her sentence.

(4)     Her attorney failed to help her get a  Rule 35 reduction.

Because the §2255 motion appears to be untimely, on January 5, 2004, the Court sent Brooks a notice pursuant to <u>Hill v. Braxton,</u> 277 F. 3d 701 (4th Cir. 2002)  that her motion would be denied as untimely unless she advised the Court why her motion was not untimely.   On January 20, 2004, Brooks stated that she was under the impression that the Motion for the Court to Depart from Sentencing Guidelines which she filed on August 7, 2003, would be accepted as a §2255 motion, that the undersigned's  Report and Recommendation indicated that her motion should be pursued via 28 U.S.C. §2255, that she was under the impression that she could not have two motions filed in the court at once, and thought she had one year from the last date a prior motion was denied to file a §2255 motion.

Subsequently, on August 5, 2004, Brooks filed a document titled "Motion to Allow Supplemental Briefing in Response to <u>Blakely v. Washington</u>."

This matter is pending before me for Report and Recommendation  pursuant to LR PL P 83.15 is ripe for review.

# II. ANALYSIS

## A. Brooks' §2255 Motion is Untimely.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the latest of the following:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction becomes final on the date on which the district court entered her judgment of conviction if the petitioner did not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).

The Court entered Brooks' Judgment and Commitment Order on October 10, 2002. Brooks did not appeal her conviction and sentence. Consequently, Brooks' conviction became final on

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

October 10, 2002, and Brooks had until October 10, 2003, to file a §2255 motion. However, Brooks did not file her motion until November 25, 2003. Thus, her motion is untimely. However, the undersigned will determine whether the limitations period should be equitably tolled.

**B**. **Equitable Tolling**

The time limit to file a §2255 petition is a statute of limitations; therefore, it is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir. 2000). The doctrine of equitable tolling has been applied in two generally distinct situations. First, it has been applied in situations where the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. Id. at 330. Second, it has been applied in situations where extraordinary circumstances beyond the plaintiff's control have made it impossible to file the claims on time. Id.

In an attempt to have the statute of limitations equitably tolled, Brooks asserts that she thought her Motion for the Court to Depart from Sentencing Guidelines which she filed on August 7, 2003, would be accepted as a §2255 motion. However, by Report and Recommendation entered on October 3, 2003, the undersigned recommended that the Court not treat the motion as a §2255 motion because Brooks did not file her motion under 28 U.S.C. §2255, and Brooks' argument did not indicate to the undersigned that her motion should be construed as one filed pursuant to 28 U.S.C. §2255. All Brooks requested was that her sentence be modified for her role in the offense. Thus, the undersigned recommended that the motion not be converted to a §2255 motion and instead be treated as a Motion for Modification pursuant to 18 U.S.C. 3582(c)(1) and be denied. At the time the Report and Recommendation was entered, Brooks had time to state she wanted her motion treated as a §2255 motion or file an actual §2255 motion. Moreover, the Report and

4

Recommendation never indicated that her motion should be prepared under 28 U.S.C. §2255.

Furthermore, Brooks raises claims of ineffective assistance of counsel which were never mentioned in her Motion for the Court to Depart from the Sentencing Guidelines.

Additionally, the fact that Brooks was operating under an incorrect assumption does not justify equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(pro se statutes and ignorance of the law does not justify equitable tolling); Marsh v. Soares, 223 F. 3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(a petitioner's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000) (ignorance of law and pro se status held insufficient to toll limitations period); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999) (unfamiliarity with the legal process, illiteracy, and lack of representation do not merit equitable tolling).

Consequently, the undersigned finds no grounds for equitable tolling and recommends that Brooks' §2255 motion be denied as untimely.

**C. Motion to Amend**

The undersigned recommends that Brooks' Motion to Allow Supplemental Briefing be denied because her Blakely [2] claim is untimely.

28 U.S.C. §2255(3) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

---

[2]Blakely v. Washington, ___U.S.___, 124 S.Ct. 2531 (2004).

In <u>Blakely v. Washington</u>, _____ U.S. _____, 124 S.Ct. 2531 (2004), the Supreme Court held that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." <u>Blakely</u>, ____ U.S. _____, 124 S.Ct. at 2537 (citations omitted).

Recently, the Supreme Court has held that <u>Blakely</u> applies to federal sentencing guidelines. <u>United States v. Booker</u>, ____ U.S.____, 125 S.Ct. 738 (2005). Specifically, in <u>Booker</u> the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in <u>Booker</u> applied to all cases on direct review, the Supreme Court did not address whether <u>Booker</u> applies retroactively to cases on collateral review.

However, the United States Supreme Court addressed the question of retroactivity regarding cases on collateral review, such as a §2255 motion, in <u>Teague v. Lane</u>, 489 U.S. 288 (1989). In <u>Teague</u>, the Court held that, absent exceptional circumstances, the general rule is that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Id.</u> at 310. A conviction is final if "the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petitioner of certiorari had elapsed." <u>Id.</u> at 295.

In the instant case, at the time the Supreme Court issued the <u>Booker</u> decision, the petitioner's conviction was final. Thus, the undersigned must determine whether <u>Booker</u> applies retroactively to the petitioner's §2255 motion. The undersigned finds that a decision from the Western District of Virginia, <u>Lilly v. United States</u>, 342 F. Supp. 2d 532 (W.D. Va. 2004), is instructive on the retroactivity issue. In <u>Lilly</u>, the district court addressed the retroactivity of <u>Blakely</u> and found that even if the Supreme Court held that the federal guidelines violated the Sixth Amendment, such ruling would not apply retroactively to cases on collateral review. In reaching this determination, the <u>Lilly</u> court stated as follows:

> In any case in which a petitioner wishes to make a claim based on a case decided by the Supreme Court after her conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review. <u>See</u> <u>Teague</u> at 308, 109 S.Ct. 1060 (noting that "it has long been established that a final civil judgment entered under a given rule of law may withstand subsequent judicial change in that rule").
>
> In order to show that a Supreme Court decision announced a new rule, the petitioner must show that "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." <u>Id.</u> at 301, 109 S.Ct. 1060. It seems clear from the reaction of the courts of appeals following <u>Apprendi</u> that it was not obvious that <u>Apprendi</u> required that sentencing enhancements, like those in the case at bar or in <u>Blakely</u>, must be found beyond a reasonable doubt by a jury. . . .It appears that this interpretation constitutes a new rule for purposes of determining retroactivity to cases on collateral review. Therefore, it becomes necessary to analyze this new rule under <u>Teague</u>.
>
> Once it has been determined that the Supreme Court announced a new rule, it is only in a narrow class of cases that the new rule will apply retroactively to cases on collateral review. <u>See</u> <u>Schriro v. Summerlin</u>, ___ U.S. ___,____, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, <u>see id.</u>, or show that the new rule is a "watershed rule[ ] of criminal procedure." <u>Id.</u> at 2523 (internal quotation reference omitted).
>
> In <u>Summerlin</u>, the Court found that <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), a case that extended <u>Apprendi</u> to aggravating factors in capital cases, was a new procedural rule and was not retroactive. ___ U.S. at ___ 124 S.Ct. at 2526-27. A similar analysis dictates that <u>Blakely</u> announced a new procedural rule and is similarly non-retroactive.
>
> In determining if a rule is substantive, a court must look for evidence that the rule "alters the range of conduct or the class of persons that the law punishes." <u>Id.</u> at

2523. The decision in Blakely did not change the type of conduct or the class of persons that the law punishes. Rather, the decision required either that a defendant admit or a jury find beyond a reasonable doubt all facts used to enhance a sentence above the statutory maximum. The procedure relating to how those facts were determined, a preponderance-of-the-evidence standard by a judge or a beyond-a-reasonable-doubt standard by a jury, is what was at issue in Blakely. Therefore, Blakely announced a new procedural rule.

* * *

In a very narrow core of cases, a procedural rule can be retroactive. This exception to the normal Teague rule is very rare, only occurring for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." ___ U.S. at ___, 124 S.Ct. at 2524 (internal quotation reference omitted). Under Teague, this exception applies only "to those new procedures without which the likelihood of an accurate *conviction* is seriously diminished." Teague, 489 U.S. at 313, 109 S.Ct. 1060 (emphasis added). . . .

In Summerlin, the Court determined that the watershed question in Ring was "whether judicial factfinding so *seriously* diminishe[s] accuracy that there is an impermissibly large risk of punishing conduct the law does not reach." ___ U.S. at ___, 124 S.Ct. at 2525 (internal quotation reference omitted). The Supreme Court answered this question in the negative in its analysis of Ring. Id. The main difference between Ring and Blakely in this regard is the fact that Ring only dealt with the factfinder, while Blakely deals with both the factfinder and the standard of proof. Therefore, I must also determine whether or not the standard of proof in Blakely implicates the accuracy of the conviction impermissibly and thus requires retroactive application of the new rule to cases on collateral review.

The Supreme Court's determination that Ring is not retroactive is particularly instructive in analyzing Blakely because both Ring and Blakely are extensions of Apprendi. In fact, Ring and Apprendi are so closely related that Justice O'Connor opined that the Court's holding in *S*ummerlin that Ring was not retroactive, applied even more strongly to Apprendi. See Blakely v. Washington, --- U.S. at ----, 124 S.Ct. at 2549 (O'Connor, J., dissenting). This would harmonize the Supreme Court with the courts of appeals, all of which have previously found that Apprendi did not apply retroactively to cases on collateral review. [footnote omitted].

***

The Supreme Court has noted that the watershed exception is an extremely narrow one. The Court stated that because "such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." Graham v. Collins, 506 U.S. 461, 478, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) (internal quotation reference omitted). In fact, the Supreme Court has not found a rule to be retroactive since the Court decided Teague in 1989. See United States v. Mandanici, 205 F.3d 519, 529 (2d Cir.2000) (citing eleven examples of new rules or proposed new rules in which

the Supreme Court declined to find retroactivity).    For these reasons, I find that <u>Blakely</u> is a new procedural rule that does not meet the requirement of being a watershed rule of criminal procedure. This holding is in line with other federal district courts that have addressed this issue. Therefore, even assuming that <u>Blakely</u> invalidates sentences under the USSG, it will not apply retroactively to cases on collateral review.

<u>Id.</u> at 536-539). <u>See also</u>, <u>Varela v. United States</u>, 400 F. 3d 864  (11th Cir. 2005)(relied on <u>Schiro v. Summerlin</u>, ___ U.S. ___, 124 S.Ct. 2519 (2004) to determine that <u>Booker</u> does not apply retroactively); <u>In re Anderson</u>, 396 F. 3d 1336 (11th Cir. 2005)(denied the petitioner's motion for leave to file a second or successive §2255 motion because the Supreme Court has not made <u>Booker</u> retroactive to cases on collateral review); <u>United States v. Price</u>, 2005 WL 535361 (10th Cir. 2005)(<u>Booker</u> is a new procedural rule which does not apply retroactively); <u>McReynolds v. United States</u>, 397 F. 3d 479 (7th Cir. 2005)(<u>Booker</u> does not apply retroactively to initial §2255 motions as it is not a watershed rule of criminal procedure); <u>Humphress v. United States</u>, 2005 WL 433191 (6th Cir. 2005)(<u>Booker</u> is a new procedural rule which does not fall within the <u>Teague</u> exceptions to the nonretroactivity rule);  <u>Quiron v. United States</u>, 2005 WL 83832 (D. Me January 14, 2005)(citing <u>Lilly</u> and finding <u>Booker</u> does not apply retroactively); <u>Rucker v. United States</u>, 2005 WL 331336 (D. Utah 2005); <u>United States v. Johnson</u>, 353 F. Supp. 2d 656  (E.D. Va. 2005)(the petitioner's §2255 motion may be dismissed as untimely because <u>Booker</u> does not apply retroactively to collateral review).

However, in <u>United States v. Siegelbaum</u>,2005 WL 196526 (D. Or. 2005), Judge Panner of the United States District Court for the District of Oregon  could not "exclude the possibility that the Court might apply <u>Blakely/Booker</u> retroactively in some situations." According to Judge Panner, <u>Summerlin</u> did not foreclose the retroactive application of <u>Booker</u> because <u>Summerlin</u> "addressed only the allocation of factfinding responsibility between the judge and jury.  There is a second

component to <u>Blakely/Booker</u> that <u>Schiro</u> did not address, namely, that facts used to enhance a sentence, if not admitted, must be proved beyond a reasonable doubt rather than by a preponderance of the evidence." Judge Panner seems to opine that under Supreme Court precedent, <u>In re Winship</u>, 397 U.S. 358, 363 (1970), <u>Ivan V. v. City of New York</u>, 407 U.S. 203, 205 (1972), and <u>Hankerson v. North Carolina</u>, 432 U.S. 233 (1977), and the opinions of five of the Supreme Court justices, that the reasonable doubt standard applies to sentence enhancements, and thus, the application of the reasonable doubt standard would require retroactive relief. However, Judge Panner did not decide the retroactivity issue.

Despite Judge Panner's thoughts on retroactivity, the undersigned finds that based on <u>Summerlin</u>, <u>Lilly</u>, and <u>McReynolds</u>, <u>Booker</u>, as an extension of the reasoning in <u>Apprendi</u>, should also be barred from retroactive application on collateral review in a §2255 motion.

Additionally, the Supreme Court has held in a case involving a successive petition, for purposes of 28 U.S.C. § 2244(b)(2)(A), that only the Supreme Court could declare that a new rule of constitutional law is retroactively applicable to collateral review. <u>See</u> <u>Tyler v. Cain</u>, 533 U.S. 656 (2001). The Fourth Circuit has not limited <u>Tyler</u> to 2244(b)(2)(A) issues and has extended its reasoning to initial §2255 motions, as well. <u>See</u> <u>San-Miguel v. Dove</u>, 291 F.3d 257, 260 (4th Cir. 2002); <u>See</u> <u>also</u> <u>Beamon v. United States</u>, 189 F.Supp.2d 350 (E.D.Va.2002)(applying <u>Tyler</u> to discussion of whether <u>Apprendi</u> applies retroactively to initial §2255 motion). Accordingly, based on the reasoning in <u>Tyler</u>, <u>Dove</u>, and <u>Beamon</u>, the undersigned recommends that <u>Booker</u> be disallowed from retroactive application on collateral review, and that the petitioner's motion to amend based on <u>Blakely/Booker</u> be denied as untimely.

### III  <u>RECOMMENDATION</u>

Based upon the foregoing, I recommend that Brooks' §2255 motion be DENIED as untimely and that her Motion for Supplemental Briefing be DENIED as it is untimely because <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Order/Report and Recommendation to Brooks.


Dated: April 5, 2005


/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES DISTRICT JUDGE