**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**REGINA FAYE BROOKS,**

    **Petitioner,**

v.                                                                                            **Civil Action No. 2:03 CV 103**
                                                                             **Criminal Action No. 2:01 CR 16-4**
                                                                                        **(Maxwell)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

It will be recalled that, on November 25, 2003, *pro se* Petitioner Regina Faye Brooks, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Thereafter, on August 5, 2004, the Petitioner filed a document entitled "Motion To Allow Supplemental Briefing In Response To Blakely v. Washington."

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. § 2255 (Standing Order No. 4).

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued an Opinion/Report And Recommendation on April 5, 2005, wherein he recommended that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be denied as untimely and that the Petitioner's Motion To Allow Supplemental Briefing In Response To Blakely v. Washington be denied as untimely because the Blakely and Booker decisions do not apply retroactively on collateral review.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the Petitioner with ten (10) days from the date she was served with a copy of said Opinion/Report

And Recommendation in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of her right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

It will further be recalled that, rather than file objections to Magistrate Judge Kaull's Opinion/Report And Recommendation, the Petitioner appealed said Opinion/Report And Recommendation to the United States Court of Appeals for the Fourth Circuit.

In an unpublished *per curiam* opinion which became effective on November 21, 2005, the United States Court of Appeals for the Fourth Circuit dismissed the Petitioner's appeal for lack of jurisdiction in light of the fact that Magistrate Judge Kaull's Opinion/Report And Recommendation was neither a final order nor an appealable interlocutory or collateral order.

Finally, it will be recalled that, by Order entered February 24, 2006, the Court provided the Petitioner with thirty days from the date of entry of said Order in which to file any objections that she might have to Magistrate Judge Kaull's Opinion/Report And Recommendation and advised her that a failure to timely do so would result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. The Court's review of the docket in the above-styled *habeas corpus* action reveals that no objections to Magistrate Judge Kaull's Opinion/Report And Recommendation have been filed by the Petitioner and that this matter is now ripe for review.

Upon consideration of said Opinion/Report and Recommendation, and having received no written objections thereto[1], it is

---

[1] The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge Kaull in the above-styled action on April 5, 2006 (Docket No. 127), be, and the same is hereby, **ACCEPTED** in totality. It is further

**ORDERED** that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 116) be, and the same is hereby, **DENIED** as untimely. It is further

**ORDERED** that the Petitioner's Motion To Allow Supplement Briefing In Response To Blakely v. Washington (Docket No. 123) be, and the same is hereby, **DENIED** as untimely because the Blakely and Booker decisions do not apply retroactively on collateral review. It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner.

**ENTER:** July  20 , 2006

                                                 **/S/ Robert E. Maxwell**
                                                 United States District Judge